UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NO. 1:20-CR - 481 |
| | ) | |
| ELIAYAH BENNETT, et. al. | ) | |
|     Defendant. | ) | |

**DEFENDANT'S PRELIMINARY MOTION TO SUPPRESS SEARCH WARRANT AND OTHER EVIDENCE**

COMES NOW the Defendant, Eliayah Bennett (hereinafter "Bennett"), by and through undersigned counsel, and pursuant to Fed. Crim. R 12(b)(3)(c) and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and hereby moves this Court for an evidentiary hearing, and an order suppressing all evidence of any kind – any physical evidence, alleged contraband, statements, identification, and testimony allegedly seized by law enforcement officers on or about December 10th, 2020.

    As grounds therefore, Bennett alleges that the search of her home and the seizure of items from it were improper, illegal, and without probable cause, in violation of Defendant's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in the following particulars:

## I. Facts

1. In late August 2020, the United States Postal Inspection Service began an investigation of an alleged fraud involving a trust fund operated by the Charles Schwab Corporation.

1

2. The investigation referenced above began with a transaction between the trust fund operated by Charles Schwab as buyer and Money Metals Exchange in Eagle, Idaho as seller for $11,000,000.00 worth of gold coins.

3. The gold coins purchased from Money Metals Exchange were flown to Atlanta on June 16, 2020.

4. On December 4th, 2020, Inspector Christopher Zito ("Inv. Zito") of the United States Postal Inspection Service submitted an Application and Affidavit For Search Warrant, to the United States District Court, Northern District of Georgia, Case number 1:20-MC-2355, for Bennett's residence at 4420 Northside Chase NW, Atlanta.

5. The Affidavit submitted by Inv. Zito seeks to connect the gold coins purchased with funds from the trust fund to the purchase of a property and newly-constructed home at 4099 Randall Mill Rd, Atlanta.

6. United States Magistrate Judge Russell G. Vineyard issued a search warrant for Bennett's residence which was executed on December 10th, 2020.

7. Items such as a Land Rover SUV, a firearm, laptops, a cell phone, and U.S. currency were seized from the residence. Bennett believes that said items, currency, firearm, and any information extracted from her electronic items will be used against her at trial.

8. The search warrant was defective in the following particulars:

   1) The warrant was not supported by probable cause.

   2) The warrant was facially defective in that they were unconstitutionally over-broad and non-particularized. The affidavit/warrant failed to describe with

       particularity what items could be seized from the target location and further failed to limit the search and seizure of items to any particular time frame.

    3) The warrant failed to describe a nexus between the Charles Schwab trust fund account investigation and Bennett's residence.

9. For the reasons stated herein, this Court should find the warrants were invalid on their face and suppress the improperly obtained evidence from trial. Further, because the warrants were not supported by probable cause, failed to describe with particularity the items to be seized, and provided no nexus of illegal activity, the warrant was defective. All evidence seized, and any evidence obtained as a result, should be suppressed.

## II. Grounds for Suppression of Evidence

10. Under the Fourth Amendment "no Warrants shall issue, but upon probable cause…" The warrant and affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause…" *Illinois v. Gates*, 462 U.S. 213, 239 (1983). Probable cause exists "'when the totality of the circumstances allows a conclusion that there is a fair probability of finding contraband or evidence at a particular location.'" *United States v. Williams*, 162 Fed.Appx. 884 (11th Cir. 2006) quoting *United States v. Brundidge,* 170 F.3d 1350, 1352 (11th Cir. 1999). The Affidavit submitted by Inv. Zito contained no information showing Bennett involved in any criminal activity. Likewise, evidence seize from Bennett's premises based on the Search Warrant must be excluded.

11. Furthermore, the warrants were also overly-broad and non-particularized as it sought the search for and seizure of "books, records, receipts, notes, correspondence, ledgers and other documents relating to financial transactions; United States Currency or other

forms of currency; electronic devices including cellular phones, computers, electronic storage devices such as hard drives and thumb drives, electronic media such as CD's, SIM cards, and the contents thereof; address and/or telephone and address books and other notes; evidence related to any bank records, checks, credit card bills, account information, and other financial records; any and all secured and/or locked safes, cabinets, boxes, and hidden compartments; financial statements/records, loan records, payment journals, signature cards, keys and/or other items/records identifying assets or evidencing legitimate income." The Fourth Amendment to the United States Constitution and requires that a search warrant particularly describe the article or articles to be seized. A description in a search warrant is sufficient and particular when "it enables the searcher to reasonably ascertain and identify the things authorized to be seized" and prevents "general, exploratory rummaging in a person's belongings." *United States v. Wuagneux*, 683 F.2d 1343, 1348-1349 (11th Cir. 1982). A search warrant is overbroad and unconstitutional when it fails to "sufficiently particularize" the place to be searched or "the things to be seized." *United States v. Travers*, 233 F.3d 1327, 1329 (11th Cir.1985). In this case, the warrant's so overbroad and non-particularized that law enforcement conducted a general exploratory rummage through the items at the location. Here, because the warrants failed to provide any specific guidelines for identifying and separating items sought from those outside the scope, the warrants encouraged a wholesale seizure of items- a constitutional violation. Therefore, all evidence, and any derivative evidence, should be suppressed from evidence at trial.

12. There is no nexus between the trust fund investigation and Bennett's residence specified in the warrant. "The Fourth Amendment requires that a search warrant be issued only when there's probable cause to believe that an offense has been committed and that evidence exists at the place for which the warrant is requested." *United States v. Betancourt*, 734 F.2d 750, 754 (11th Cir. 1984) (citing *Zurcher v. Stanford Daily*, 436 U.S. 547, 558 (1978)). For a court to find probable cause to search a residence there must be a nexus between the alleged crime and the premises to be searched. *United States v. Joseph*, 709 F.3d 1082 (11th Cir. 2013) The facts described in the affidavit do not provide the magistrate with a substantial basis that criminal activity was accomplished at that particular location. The warrant fails to show a substantial link between the criminal activity alleged and residence searched. Therefore, all evidence, and any derivative evidence, should be suppressed from evidence at trial.

WHEREFORE, Bennett respectfully requests that this Court grant an evidentiary hearing and suppress the improperly obtained evidence against her in this case;

This 5th day of April 2022.

        Respectfully submitted,

        /S/ Bruce Harvey_____
        LAW OFFICES OF BRUCE S. HARVEY
        ATTORNEYS FOR DEFENDANT
        Bruce S. Harvey, #335175
        bruce@bharveylawfirm.com
        Jamie Roberts, #608590
        jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **INDICTMENT NO. 1:20-CR - 481** |
| ) | |
| **ELIAYAH BENNETT, et. al.** ) | |
|     **Defendant.** ) | |

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing *Defendant's Preliminary Motion To Suppress Warrant and Other Evidence* on opposing counsel by facsimile transmission, electronic delivery, by hand delivery, or by depositing a copy of the same in the United States Mail with sufficient postage thereon, addressed as follows:

Scott McAfee, AUSA
75 Ted Turner Drive , Suite 600
Atlanta, Georgia 30303

This 5th day of April 2022.


Respectfully submitted,


/S/ Bruce Harvey_____
LAW OFFICES OF BRUCE S. HARVEY
ATTORNEYS FOR DEFENDANT
Bruce S. Harvey, #335175
bruce@bharveylawfirm.com
Jamie Roberts, #608590
jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax

6