IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA,**

**v.**

**ELIAYAH BENNETT,**

    **Defendant.**

**CRIMINAL ACTION FILE NO.**

**1:20-CR-00481-SCJ-RDC-3**

## **ORDER**

This matter appears before the Court on the August 10, 2022 Report and Recommendation ("R&R") issued by the Honorable Regina D. Cannon, United States Magistrate Judge. Doc. No. [131].[1] In the R&R, the Magistrate Judge recommended that Defendant Eliayah Bennett's Motion to Suppress Search Warrant and Other Evidence (Doc. No. [114]) and Motion to Suppress Grand Jury Subpoenas (Doc. No. [117]) be denied. Doc No. [131], 1, 18.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

I.     **BACKGROUND**

The facts, procedural history, and legal standards are found in the R&R and are incorporated here by reference. Id. The Court sets forth a brief summary of the immediately relevant procedural history as follows.

On April 5, 2022, Defendant filed a Motion to Suppress Search Warrant and Other Evidence. Doc. No. [114]. Defendant filed a Motion to Suppress Grand Jury Subpoenas on April 22, 2022. Doc. No. [117]. The Magistrate Judge ordered the Government to respond to Defendant's motions no later than July 1, 2022. Doc. No. [121]. On that date, the Government submitted its Response to Motion to Suppress Search Warrant and Other Evidence (Doc. No. [123]) and Response to Motion to Suppress Grand Jury Subpoenas. Doc. No. [124].[2] No hearings were held on either of these motions. See Doc. No. [131], 3 n.2.

The Magistrate Judge filed the R&R on August 10, 2022. Doc. No. [131]. On August 24, 2022, Defendant filed Objections to the R&R, arguing that the Magistrate Judge erred in the R&R as to both motions. Doc. No. [135]. In

---

[2]  On August 10, 2022, the Government refiled its response brief (under seal) and attached Exhibit A (Search Warrant 1:20-MC-2355) and Exhibit B (Application and Affidavit for Residence Search Warrant 1:20-MC-2355). Doc. No. [133].

2

particular, Defendant argues that the totality of the circumstances did not support probable cause for a search warrant of Defendant's residence, id. at 3, and that Defendant had a privacy interest in her bank and cell phone subscriber records that could support standing to challenge the subpoenas for those records. Id. at 8. Defendant also argues that the Magistrate Judge erred in denying her request for an evidentiary hearing and requests the Court conduct such a hearing. Id. at 10.

This matter is ripe for consideration.

## II.     LEGAL STANDARD

In reviewing objections to a R&R, the Court must "make a *de novo* determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." Id. Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

**III. ANALYSIS**

The Court reviews each of Defendant's specific objections in turn.

**A.  Defendant's Objections as the Motion to Suppress the Search Warrant and Other Evidence**

Defendant challenges the Magistrate Judge's findings as to the validity of the search warrant for Defendant's residence, specifically objecting that: (1) the affidavit supporting the search warrant for Defendant's residence "showed no criminal activity of [Defendant]'s"; (2) the affidavit supporting the search warrant for Defendant's residence did not present evidence of a nexus between Defendant's residence and the alleged crimes; and (3) the scope of the search warrant was unconstitutionally broad. Doc. No. [135], 3, 5, 8.

Having conducted a *de novo* review of the entire record, including the search warrant for Defendant's residence and the affidavit in support of the search warrant, the Court accepts the Magistrate Judge's R&R on these matters. See Doc. No. [131], 6–14.

First, as to Defendant's objection that the affidavit did not "show" criminal activity on the Defendant's part and that nothing about the circumstances described by the Magistrate Judge in the R&R are inherently criminal, Defendant's citations of authority (Doc. No. [135], 4) are not determinative.

4

Additional authority shows that the officer's affidavit in support of the search warrant need only establish a "probability, and *not a prima facie showing*, of criminal activity." Illinois v. Gates, 462 U.S. 213, 235 (1983) (internal quotations omitted) (emphasis added). And noncriminal acts can provide the basis for a showing of probable cause. United States v. Gonzalez, 969 F.2d 999, 1003 (11th Cir. 1992) ("[I]nnocent behavior frequently will provide the basis for showing of probable cause . . . [i]n making a determination of probable cause the relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts."). This is because "[c]onduct innocent in the eyes of the untrained may carry entirely different 'messages' to the experienced or trained observer." Id. at 1004.

The Court finds that the affidavit at issue goes beyond mere conclusory allegations, Gates, 462 U.S. at 239, and provided the magistrate judge with sufficiently detailed information that supports a probability of criminal conduct on Defendant's part, especially when considered in conjunction with the opinions and conclusions that the Affiant, Postal Inspector Christopher Zito, developed based on that information and his years of experience. See United States v. Robinson, 62 F.3d 1325, 1331 n.9 (11th Cir. 1995) (indicating that the

5

opinions and conclusions of an experienced agent "'regarding a set of facts are properly a factor in the probable cause equation' for issuing a search warrant") (citations omitted); United States v. Gonzales, 969 F.2d 999, 1004 (11th Cir. 1992) (same).

The Court is also unable to agree that the averments concerning Defendant's alias are conclusory as paragraph 28 of the search warrant affidavit contains an averment that links the alias, the status as "Lee's wife," and Defendant through a witness's photographic identification. Doc. No. [133], ¶ 28.

Defendant's objection is overruled on this ground.

Next, the Court considers Defendant's objection that the affidavit did not establish a nexus between the residence and the alleged crimes. More specially, Defendant asserts that there is no evidence presented by Postal Inspector Zito "in his affidavit that Ms. Bennett was in possession of stolen material or otherwise engaging in illegal activity at her residence at 4420 Northside Chase NW." Doc. No. [135], 5. Defendant asserts that while Postal Inspector Zito may have had a "vague hunch" that the cash given to an individual with the last name, Zembillas, at the Defendant's residence "was connected to the theft of funds from Charles Schwab and its conversion to gold," "such a hunch completely disregarded the

more likely possibility that the money was earned by [Defendant Bennett] through her employment, which is never discussed by Zito in the warrant or affidavit." Doc. No. [135], 6; see also Doc. No. [133], 43 (describing the conveying of "several hundred thousand dollars in cash" to Zembillas at Defendant's residence for the purchase of another property).

After review, the Court concludes that the R&R is correct in law and fact. The Court's totality of the circumstances review of the search warrant affidavit shows that Postal Inspector Zito averred that Zembillas told investigators that two money transfers (at issue in this case) occurred, in part, at Defendant's residence. Doc. No. [133], 38–39, ¶¶ 30–31. Postal Inspector Zio also avers that Zembillas saw a money counting machine and money wrapped in $10,000 increments in a plastic shopping bag at the residence. Id. ¶ 30. This evidence, combined with other facts and the informed opinions of Postal Inspector Zito included in the affidavit,[3] is enough to establish a nexus between the residence

---

[3] Such facts and opinions include but are not limited to: affiant's belief that "Archie Lee" is Cofield (Doc. No. [133], ¶ 25); photographic linking and identification, id. ¶ 28; that geo-location data obtained pursuant to a federal-search warrant indicated that Defendant resided at or near the residence overnight, id. ¶ 41; affiant's opinion that the residence appeared to be Defendant's current residence, id. ¶ 43; and affiant's belief that gold coins and cash proceeds from the fraudulent activity were likely to be found at the residence. Id. ¶ 45.

7

and the alleged illegal conduct. See United States v. Bradley, 644 F.3d 1213, 1263–64 (11th Cir. 2011) ("[A] police officer's expectation, based on prior experience and the specific circumstances of the alleged crime, that evidence is likely to be found in a suspect's residence satisfies probable cause."); United States v. Maestas, 546 F.2d 1177, 1180 (5th Cir. 1977) ("[E]vidence that a defendant has stolen material which one normally would expect to hide at his residence will support a search of his residence.").

Further, "[t]he fact than an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause." United States v. Scott, No. 1:09-CR-358-CAP-RGV, 2009 WL 10670549, at *6 (N.D. Ga. Dec. 24, 2009), report and recommendation adopted, No. 1:09-CR-358-CAP-RGV, 2010 WL 11527110 (N.D. Ga. Feb. 5, 2010) (citing United States v. Fama, 758 F.2d 834, 838 (2d Cir. 1985)); see also United States v. Lebowitz, 676 F.3d 1000, 1011 (11th Cir. 2012) ("[A] post-hoc innocent explanation for incriminating behavior does not vitiate a finding of probable cause.").

Third, as to Defendant's objection that the scope of the search warrant was unconstitutionally broad, the Court accepts and adopts the Magistrate Judge's recommendation as correct in law and fact and finds that the warrant described

with sufficient particularity the items to be seized. The Court also notes that "[t]he reasonableness of the search depends upon the complexity of the crime being investigated and the difficulty involved in determining whether certain documents evidence fraud." United States v. Sawyer, 799 F.2d 1494, 1509 (11th Cir. 1986). This is particularly true in the present case, where Defendant has been charged with conspiracy to commit money laundering and money laundering (Doc. No. [1], 8–9), because "white-collar crimes may require the assembly of a 'paper puzzle' from a large number of seemingly innocuous pieces of individual evidence." United States v. Wuagneux, 683 F.2d 1343, 1348 (11th Cir. 1982) (citing Andresen v. Maryland, 427 U.S. 463 (1976)).[4]

Even assuming *arguendo* that the warrant was unconstitutionally broad, the good faith exception would be applicable in this case. See United States v. Travers, 233 F.3d 1327, 1330 (11th Cir. 2000) (holding that a warrant that "cut a wide swath through [defendant's] papers and documents" was not so facially deficient that officers could not have reasonably presumed it to be valid where

---

[4] Defendant also cites no authority in support of her argument in which she appears to assert that the Government could not include bank records in the search warrant, despite having already subpoenaed bank records. Doc. No. [135], 8.

9

officers were investigating a complex financial fraud case and "[a] wide variety of documents were relevant to prove this scheme").[5]

Defendant's objections as to this point are overruled.

### B. Defendant's Objections as to the Motion to Suppress Grand Jury Subpoenas

Defendant argues the Magistrate Judge erred in finding Defendant did not have standing to challenge subpoenas for her bank and cell phone subscriber records because Defendant had no reasonable expectation of privacy to those records under the third-party doctrine. Doc. No. [135], 8–9. After review, the Court accepts the Magistrate Judge's R&R as correct in law and fact. As correctly stated by the Magistrate Judge, "[n]either Supreme Court nor Eleventh Circuit precedent recognizes an individual's expectation of privacy in the records produced by the third parties in this context." Doc. No. [131], 16. Defendant's objections as to this point are overruled.

---

[5] The Court recognizes that Defendant cited the Travers case in her brief in support of her overbreadth argument as the search warrant in that case was found to be overbroad; however, the good faith exception to the exclusionary rule still applied. See Travers, 233 F.3d 1327, 1331 (11th Cir. 2000) ("We hold that the district court did not err in holding that the good faith exception to the exclusionary rule applies to excuse the overly broad warrant at issue in this case."). Therefore, this Court relies upon the good faith ruling of the Travers opinion, as indicated above.

### C.     **Defendant's Request for an Evidentiary Hearing**

Defendant asserts that her request for an evidentiary hearing to address all of her claims was wrongfully denied. See Doc. No. [131], 3 n.2; Doc. No. [135], 10.

"[W]here a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require . . . a hearing independent of trial to receive evidence on any issue necessary to determine the motion." United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984) (per curiam). The Court agrees with the Magistrate Judge that the alleged errors do not require additional factual findings and may be adjudicated on the briefing and a review of the exhibits. Doc. No. [131], 3 n.2; see also United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000) ("Defendants' motion to suppress was wholly lacking in sufficient factual allegations to establish standing, the district court did not abuse its discretion in refusing to hold an evidentiary hearing. Defendants are not entitled to an evidentiary hearing based on a 'promise' to prove at the hearing that which they did not specifically allege in their motion to suppress.") (citation omitted). Defendant's objection is overruled and the separate request for an evidentiary hearing before the undersigned is denied.

11

## IV. CONCLUSION

After *de novo* review, the Court accepts the R&R (Doc. No. [131]) as correct in law and fact. The Court hereby **ADOPTS** the Magistrate Judge's R&R (Doc. No. [131]) as the Order of the Court. Defendant's objections to the R&R (Doc No. [135]) are **OVERRULED.** Defendant's Motion to Suppress Search Warrant and Other Evidence (Doc. No. [114]) and Motion to Suppress Grand Jury Subpoenas (Doc. No. [117]) are **DENIED.** Defendant's request for an evidentiary hearing (Doc. No. [135], 10) is **DENIED.**

**IT IS SO ORDERED** this 26th day of January, 2023.

_____
**HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE**